**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ABDESLAM LILAF, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   **Civil Action No. 1:26-cv-1573** |
| | ) |
| MANTECH INTERNATIONAL CORPORATION | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**DEFENDANT MANTECH INTERNATIONAL CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant ManTech International Corporation ("ManTech" or "Defendant"), by and through the undersigned counsel, hereby responds[1] to Plaintiff Abdeslam Lilaf's ("Plaintiff" or "Mr. Lilaf") Complaint. ManTech's responses are made to the best of its knowledge at this time. Except as otherwise admitted, qualified, or denied in this Answer and Affirmative Defenses, ManTech denies each and every allegation in Plaintiff's Complaint.

---

[1] Plaintiff served Defendant through its registered agent CT Corporation. According to CT Corporation, it received the Summons and Complaint on June 10, 2026 at 12:20, making this Answer due on July 1, 2026. *See* Exhibit A (CT Corporation Service of Process Notification). However, on July 1, 2026, Counsel for Defendant became aware for the first time that Plaintiff had previously filed a "Proof of Service" asserting a service date of June 9, 2026. *See* Dkt. 4. Although it believes this responsive pleading is timely, to the extent the Court deems it necessary, Defendant is prepared to file a formal motion under Rule 6.

1.    *This is an action for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.*

**ANSWER:** ManTech admits that Plaintiff has filed a lawsuit against ManTech under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. ManTech denies that it engaged in any acts or omissions that would give rise to any legal claims by Plaintiff.

2.    *Plaintiff was employed by Defendant ManTech International Corporation ("ManTech") as a Principal Technical Recruiter from July 2019 until his termination on September 19, 2025.*

**ANSWER:** ManTech admits the allegations in Paragraph 2.

3.    *At the time of his termination, Plaintiff was 59 years old and a member of a protected class under the ADEA.*

**ANSWER:** ManTech denies the allegations in Paragraph 3 except to admit that Plaintiff was 59 years old at the time of his termination.

4.    *Throughout his employment, Plaintiff consistently met or exceeded performance expectations and maintained a strong recruiting performance record.*

**ANSWER:** ManTech denies the allegations in Paragraph 4.

5.    *Beginning in or around July 2025, Plaintiff was subjected to discriminatory comments and adverse treatment by his direct manager, Francisca Alaniz, related to his age and compensation.*

**ANSWER:** ManTech denies the allegations in Paragraph 5.

6.    *In August 2025, Plaintiff complained internally about the discriminatory treatment, but no corrective action was taken.*

**ANSWER:** ManTech denies the allegations in Paragraph 6.

7.      *Shortly thereafter, Plaintiff was terminated for purported performance-based reasons that were false and pretextual.*

> **ANSWER:**  ManTech denies the allegations in Paragraph 7, except to admit that it terminated Plaintiff's employment for legitimate business reasons.

8.      *Defendant discriminated against Plaintiff because of his age and retaliated against Plaintiff for opposing discriminatory conduct.*

> **ANSWER:** ManTech denies the allegations in Paragraph 8.

9.      *This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626(c).*

> **ANSWER:** Paragraph 9 contains legal conclusions. To the extent an answer is required, ManTech denies that it engaged in any acts or omissions that would give rise to any legal claims by Plaintiff but does not contest jurisdiction for purposes of this action only.

10.     *Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391 because the unlawful employment practices complained of occurred within this District and Defendant conducts business within this District.*

> **ANSWER:**  Paragraph 10 contains legal conclusions. To the extent an answer is required, ManTech denies that it engaged in any acts or omissions that would give rise to any legal claims by Plaintiff but does not contest venue for purposes of this action only.

11.     *Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 27, 2025.*

> **ANSWER:**  ManTech admits that Plaintiff filed an EEOC Charge (570-2025-04911), but lacks sufficient information to admit or deny the remaining allegations in Paragraph 11 and on that ground denies the remaining allegations.

12.    *The EEOC issued a Notice of Right to Sue dated on or about May 14, 2026.*

**ANSWER:**  ManTech admits the allegations in Paragraph 12, but denies that it engaged in any acts or omissions that would give rise to any legal claims by Plaintiff.

13.    *Plaintiff has satisfied all administrative prerequisites required under the ADEA and timely files this action within ninety (90) days of receipt of the Notice of Right to Sue.*

**ANSWER:**  ManTech lacks sufficient information to admit or deny the allegations in Paragraph 13 and on that ground denies the same.

14.    *Plaintiff, Abdeslam Lilaf, is an adult resident of the Commonwealth of Virginia.*

**ANSWER:**  ManTech lacks sufficient information to admit or deny the allegations in Paragraph 14 concerning Plaintiff's residence and on that basis denies the allegation. ManTech admits that Plaintiff is an adult.

15.    *Defendant ManTech International Corporation is a corporation doing business in Virginia and is an employer within the meaning of the ADEA.*

**ANSWER:** ManTech admits the allegations in Paragraph 15.

16.    *Plaintiff began employment with Defendant in July 2019 as a Senior Technical Recruiter.*

**ANSWER:**  ManTech denies the allegations in Paragraph 16, except to admit that Plaintiff began working at ManTech in July 2019 as a Technical Recruiter, Principal.

17.    *Plaintiff supported high-profile federal programs, including SAP, NCTE, Aegis, and other defense contracts.*

**ANSWER:**  ManTech denies the allegations in Paragraph 17, except to admit that Plaintiff was one of many recruiters that supported ManTech's work on various federal programs and contracts.

18.     *During his employment, Plaintiff consistently performed at a high level and regularly met or exceeded recruiting metrics and staffing objectives.*

**ANSWER:**  ManTech denies the allegations in Paragraph 18.

19.     *Plaintiff ranked among the highest-performing recruiters and regularly exceeded placement goals established by Defendant.*

**ANSWER:** ManTech denies the allegations in Paragraph 19.

20.     *Plaintiff was not informed that his recruiting performance was deficient, was not placed on a Performance Improvement Plan ("PIP"), and was not advised that his employment was in jeopardy due to performance concerns.*

**ANSWER:**  ManTech denies the allegations in Paragraph 20.

21.     *Prior to the events described herein, Plaintiff had established a reputation as a successful recruiter and had not been subjected to significant performance-related discipline concerning his recruiting duties.*

**ANSWER:**  ManTech denies the allegations in Paragraph 21.

22.     *On May 27, 2025, Plaintiff received a Corrective Action Form ("CAF") related to sending documents containing personally identifiable information ("PII") to his personal email account.*

**ANSWER:** ManTech denies the allegations in Paragraph 22, except to admit that Plaintiff received a CAF on May 27, 2025 that related in part to forwarding material that included PII to his personal email account in violation of ManTech policies.

23.    *The incident occurred during ongoing technical and access-related issues affecting Plaintiff's work systems.*

   **ANSWER:**   ManTech denies the allegations in Paragraph 23.   There was no single incident. The CAF identified ongoing violations from May 2020 through May 2025.

24.    *Plaintiff reported the technical issues and explained the circumstances surrounding the incident.*

   **ANSWER:**   ManTech denies the allegations in Paragraph 24.   There was no single incident. The CAF identified ongoing violations from May 2020 through May 2025.

25.    *Following the CAF, Plaintiff remained employed and continued performing his recruiting duties.*

   **ANSWER:**  ManTech denies the allegations in Paragraph 25, except to admit that Plaintiff remained employed with ManTech for approximately 3.5 months after receiving the CAF, during which time Plaintiff engaged in several further violations of recruiting policy.

26.    *Defendant did not impose additional discipline related to the CAF and permitted Plaintiff to continue supporting recruiting operations and federal contract staffing efforts.*

   **ANSWER:**  ManTech denies the allegations in Paragraph 26, except to admit that Plaintiff remained employed with ManTech for approximately 3.5 months after receiving the CAF, during which time Plaintiff engaged in several further violations of policy.

27.    *Upon information and belief, the CAF issue was resolved and did not prevent Plaintiff from continuing to perform his duties successfully.*

   **ANSWER:**  ManTech denies the allegations in Paragraph 27.

28.    *On or about July 7, 2025, during a one-on-one recruiting meeting, Ms. Alaniz referred to Plaintiff as "the oldest member of the team" and stated that Plaintiff was paid "too much" compared to younger recruiters performing the same work.*

**ANSWER:**  ManTech denies the allegations in Paragraph 28.

29.    *Ms. Alaniz repeated these comments during another recruiting discussion on or about August 8, 2025.*

**ANSWER:**  ManTech denies the allegations in Paragraph 29.

30.    *Plaintiff understood these comments to reflect hostility toward his age and compensation level and to suggest that Defendant preferred younger, lower-paid recruiters.*

**ANSWER:**  ManTech denies the allegations in Paragraph 30.

31.    *On or about August 15, 2025, Plaintiff reported age-related discrimination and discriminatory treatment to Director Dennis McLaughlin.*

**ANSWER:**  ManTech denies the allegations in Paragraph 31.

32.    *Plaintiff specifically informed Mr. McLaughlin that Ms. Alaniz had repeatedly referred to Plaintiff as the "oldest member of the team" and had stated that Plaintiff was paid "too much" compared to younger recruiters.*

**ANSWER:**  ManTech denies the allegations in Paragraph 32.

33.    *Plaintiff further expressed concern that the comments reflected age-based bias and unlawful discrimination.*

**ANSWER:**  ManTech denies the allegations in Paragraph 33.

34.     *Despite receiving notice of Plaintiff's concerns, Defendant failed to conduct a meaningful investigation, take corrective action, or otherwise address the reported age-related conduct.*

**ANSWER:** ManTech denies the allegations in Paragraph 34.

35.     *Defendant's failure to investigate or remediate the reported conduct allowed the discriminatory treatment to continue.*

**ANSWER:** ManTech denies the allegations in Paragraph 35.

36.     *On or about August 21, 2025, Defendant removed recruiting assignments and requisitions from Plaintiff and reassigned them to substantially younger recruiters, including Adam Weiner and Rena Donadio, each approximately 25-30 years old.*

**ANSWER:** ManTech denies the allegations in Paragraph 36, except to admit that ManTech transferred some requisitions away from Plaintiff to other recruiters, consistent with ManTech's regular business practices of having an equal amount of work for each recruiter. ManTech denies that it engaged in any acts or omissions that would give rise to any legal claims by Plaintiff.

37.     *Upon information and belief, younger recruiters who did not engage in protected activity were not stripped of requisitions, were not subjected to similar scrutiny, and were not terminated.*

**ANSWER:** ManTech denies the allegations in Paragraph 37.

38.     *Plaintiff stopped receiving new NCTE recruiting assignments despite his successful performance history and experience supporting the program.*

**ANSWER:** ManTech denies the allegations in Paragraph 38, except to admit that Plaintiff was not the primary recruiter for the Navy Continuous Training Evaluation Program ("NCTE"), but assisted that program's recruiting from time to time during hiring surges.

8

39.    *The removal of assignments materially reduced Plaintiff's ability to perform his duties and achieve recruiting results.*

**ANSWER:**  ManTech denies the allegations in Paragraph 39.

40.    *The timing of these actions, occurring shortly after Plaintiff's complaint of age discrimination, was consistent with retaliatory treatment.*

**ANSWER:**  ManTech denies the allegations in Paragraph 40.

41.    *Ms. Alaniz also became unresponsive to Plaintiff's work-related communications, impairing Plaintiff's ability to perform his duties.*

**ANSWER:**  ManTech denies the allegations in Paragraph 41.  Ms. Alaniz regularly communicated with Plaintiff, including weekly one-on-one meetings, which continued until Plaintiff's termination.

42.    *On September 19, 2025, Francisca Alaniz terminated Plaintiff's employment during a meeting attended by HR representative Daveen Bibbs and Director Dennis McLaughlin.*

**ANSWER:** ManTech denies the allegations in Paragraph 42, except to admit that upon Ms. Alaniz' recommendation, ManTech terminated Plaintiff's employment effective September 19, 2025; and that Ms. Alaniz, Ms. Bibbs, and Mr. McLaughlin participated in a virtual meeting on that same date where the decision to terminate was conveyed to Plaintiff.

43.    *Defendant asserted that Plaintiff was terminated for alleged performance deficiencies and purported failures relating to Post Government Employment ("PGE") processes and candidate qualifications.*

**ANSWER:**  ManTech denies the allegations in Paragraph 43, except to admit that Plaintiff was terminated for unsatisfactory performance and examples used included Plaintiff's

failure to follow PGE processes and submitting candidates who did not meet the basic qualifications of the position.

44. *At the time of his termination, Plaintiff requested specific examples of allegedly unqualified candidates, PGE policy violations, or recruiting deficiencies attributable to him.*

   **ANSWER:** ManTech denies the allegations in Paragraph 44, except to admit that, at the time he was terminated, Plaintiff denied violating ManTech policies and practices.

45. *Defendant failed to provide specific examples, documentation, or objective evidence supporting the stated reasons for termination.*

   **ANSWER:** ManTech denies the allegations in Paragraph 45.  Ms. Alaniz reminded Plaintiff of multiple conversations they had about Plaintiff's compliance issues.

46. *Defendant's stated reasons for termination were inconsistent with Plaintiff's documented performance history, the absence of progressive performance discipline, the absence of a Performance Improvement Plan, and Defendant's decision to continue employing Plaintiff after the May 2025 CAF.*

   **ANSWER:** ManTech denies the allegations in Paragraph 46.

47. *Plaintiff alleges that Defendant's asserted reasons were not the true reasons for the termination decision and instead served as a pretext to conceal unlawful age discrimination and retaliation.*

   **ANSWER:** ManTech denies the allegations in Paragraph 47.

48. *Plaintiff alleges that Defendant's stated reasons for termination were false, unsupported, and pretextual.*

   **ANSWER:** ManTech denies the allegations in Paragraph 48.

49.    *Defendant terminated Plaintiff because of his age.*

**ANSWER:** ManTech denies the allegations in Paragraph 49.

50.    *Defendant retaliated against Plaintiff after he complained about discriminatory treatment and age-related comments.*

**ANSWER:** ManTech denies the allegations in Paragraph 50.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

51.    *Plaintiff incorporates by reference all preceding paragraphs.*

**ANSWER:** ManTech reasserts and hereby incorporates by reference its responses to each previous paragraph of Plaintiff's Complaint as though fully set forth herein.

52.    *Plaintiff was over the age of 40 and therefore a member of a protected class under the ADEA.*

**ANSWER:** ManTech admits that Plaintiff was over 40 at the time of his termination. The remainder of the sentence is a legal conclusion.  To the extent an answer is required, ManTech denies that it engaged in any acts or omissions that would give rise to any legal claims by Plaintiff.

53.    *Plaintiff was qualified for his position and performed his job satisfactorily.*

**ANSWER:** ManTech denies the allegations in Paragraph 53.

54.    *Defendant subjected Plaintiff to adverse employment actions, including removal of assignments and termination.*

**ANSWER:**  ManTech denies the allegations in Paragraph 54, except to admit that it terminated Plaintiff's employment for legitimate business reasons.

11

55.   *Defendant's stated reasons for terminating Plaintiff were pretextual.*

**ANSWER:** ManTech denies the allegations in Paragraph 55.

56.   *Plaintiff's age was the but-for cause of Defendant's decision to terminate his employment and subject him to the adverse actions described herein.*

**ANSWER:**  ManTech denies the allegations in Paragraph 56.

57.   *Defendant's conduct violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.*

**ANSWER:**  ManTech denies the allegations in Paragraph 57.

58.   *Defendant's violations were willful within the meaning of the ADEA.*

**ANSWER:**   ManTech denies the allegations in Paragraph 58.

**COUNT II**
**RETALIATION IN VIOLATION OF THE ADEA**

59.   *Plaintiff incorporates by reference all preceding paragraphs.*

**ANSWER:** ManTech reasserts and hereby incorporates by reference its responses to each previous paragraph of Plaintiff's Complaint as though fully set forth herein.

60.   *Plaintiff engaged in protected activity by complaining about discriminatory treatment and age-related comments.*

**ANSWER:**  ManTech denies the allegations in Paragraph 60.

61.   *After Plaintiff complained, Defendant subjected him to increased scrutiny, removal of responsibilities, and termination.*

**ANSWER:**   ManTech denies the allegations in Paragraph 61, except to admit that it terminated Plaintiff's employment for legitimate business reasons.

62.   *There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions.*

   **ANSWER:**  ManTech denies the allegations in Paragraph 62.

63.   *Defendant retaliated against Plaintiff in violation of the ADEA.*

   **ANSWER:** Paragraph 63 contains legal conclusions. To the extent an answer is required, ManTech denies that it engaged in any acts or omissions that would give rise to any legal claims by Plaintiff.

## DAMAGES

64.   *As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to:*

a.   *Loss of wages, salary, benefits, and other compensation that Plaintiff would have earned but for Defendant's unlawful discrimination and retaliation;*

b.   *Loss of future earnings, employment opportunities, retirement contributions, and employment benefits;*

c.   *Costs and expenses incurred in seeking replacement employment and pursuing this action; and*

d.   *Other compensatory and equitable damages permitted by law.*

   **ANSWER:**  ManTech denies that Plaintiff is entitled to any of the relief sought against ManTech in Paragraph 64 or any relief at all relating to the allegations against ManTech in the Complaint.

65.   *Plaintiff has made reasonable efforts to mitigate his damages by seeking comparable employment following his termination.*

   **ANSWER:** ManTech lacks sufficient information to admit or deny the allegations in Paragraph 65 and on that basis denies the allegations.

13

66. *Defendant's violations of the ADEA were willful and undertaken with reckless disregard for Plaintiffs federally protected rights.*

**ANSWER:** ManTech denies the allegations in Paragraph 66.

67. *As a result of Defendant's willful violations, Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 626(b).*

**ANSWER:** ManTech denies the allegations in Paragraph 67.

## PRAYER FOR RELIEF

*WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the following relief:*

A. *Declare that Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.;*

B. *Award Plaintiff back pay, lost wages, salary, benefits, and other compensation lost from the date of his termination through judgment, together with prejudgment interest;*

C. *Award Plaintiff front pay in an amount to be determined at trial for the loss of future earnings, benefits, retirement contributions, and other compensation resulting from Defendant's unlawful discrimination and retaliation;*

D. *Award liquidated damages as authorized by the ADEA for Defendant's willful violations of federal law;*

E. *Award post-judgment interest as allowed by law;*

F. *Award Plaintiff his costs and expenses incurred in connection with this action;*

G. *Award such other legal or equitable relief as the Court deems just and proper.*

**ANSWER:** ManTech denies that Plaintiff is entitled to the relief sought against ManTech in Paragraphs A-G of the Prayer for Relief or any relief at all relating to the allegations against ManTech made in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent that the Complaint asserts claims under the ADEA outside the scope of Plaintiff's administrative charge, such claims are not actionable.

### SECOND DEFENSE

Plaintiff's claim of age discrimination fails because ManTech's treatment of Plaintiff was based on reasonable, legitimate, and lawful factors other than age.

### THIRD DEFENSE

Plaintiff's retaliation claims are barred because Plaintiff did not engage in any protected activity.

### FOURTH DEFENSE

Plaintiff's retaliation claims are barred because the acts about which he complains were not causally related to any protected activity in which he allegedly engaged.

### FIFTH DEFENSE

Plaintiff is not entitled to recover liquidated damages under the ADEA in that all actions taken by ManTech concerning Plaintiff were taken in good faith and ManTech did not engage in any willful misconduct.

### SIXTH DEFENSE

Plaintiff's claims for damages fail, in whole or in party, because, upon information and belief, Plaintiff failed to mitigate his alleged damages.

### SEVENTH DEFENSE

ManTech reserves the right to raise such other defenses as might become known by it during discovery in this litigation.

15

WHEREFORE, ManTech denies that Plaintiff is entitled to any relief requested in his Complaint and prays that the Court dismiss Plaintiff's claims against ManTech with prejudice.

Dated: July 1, 2026

Respectfully submitted,

\_\_/s/ Micah E. Ticatch_____
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
John W. H. Harding, Va. Bar No. 87602
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
Email: eisler@islerdare.com
Email: mticatch@islerdare.com
Email: jharding@islerdare.com

*Counsel for ManTech International Corporation*

16

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 1st day of July 2026, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will provide a copy to:

Abdeslam Lilaf
14216 Fullerton Rd
Woodbridge, VA 22193
571-620-8930
Lilaf43@hotmail.com

*Pro Se Plaintiff*

_/s/ Micah E. Ticatch_____
Micah E. Ticatch, Va. Bar No. 83351
ISLERDARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
Email: mticatch@islerdare.com

*Counsel for ManTech International Corporation*

17

# EXHIBIT A

 **Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**  Jeffrey A Tuten, Deputy General Counsel
ManTech International Corporation
2251 Corporate Park Drive, 6th Floor
Herndon, VA 20171

**RE:**  **Process Served in Virginia**

**FOR:**  ManTech International Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ABDESLAM LILAF // To: ManTech International Corporation |
| **CASE #:** | 126CV1573 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, Glen Allen, VA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/10/2026 at 12:20 |
| **JURISDICTION SERVED:** | Virginia |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Jeffrey A Tuten  JEFFREY.TUTEN@MANTECH.COM |
| | Email Notification,  Jamie Kim  jamie.kim@mantech.com |
| | Email Notification,  MARTHA LEIPERTZ  martha.leipertz@mantech.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 4701 Cox Road, Suite 285 |
| | Glen Allen, VA 23060 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

## PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Wed, Jun 10, 2026
**Server Name:**                             ABC Legal

| | |
|---|---|
| Entity Served | ManTech International Corporation |
| Case Number | 1:26-CV-1573 |
| Jurisdiction | VA |

| Inserts | | |
|---|---|---|
| | | |

